UNITED STATES FEDERAL COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO.:_____

*ELECTRONICALLY FILED*

JUDITH TOOMEY, INDIVIDUALLY AND JUDITH TOOMEY,
AS ADMINISTRATRIX OF THE ESTATE OF RONALD T. TOOMEY                    PLAINTIFF

v.                                          **COMPLAINT**

UNITED STATES OF AMERICA;
MEADOWVIEW REGIONAL MEDICAL CENTER, LLC
D/B/A MEADOWVIEW REGIONAL MEDICAL CENTER, LLC;
LIFEPOINT HOSPITALS, INC.;
JAMES A. YOUNG, MARSHALL EMERGENCY SERVICES
ASSOCIATES, P.S.C.; RICHARD HARTMAN, M.D.;
MAYSVILLE RADIOLOGY ASSOCIATES, P.S.C
LP AUGUSTA, LLC D/B/A BRACKEN COUNTY
NURSING & REHABILITATION CENTER;
FRAN STAHL, IN HER CAPACITY AS ADMINISTRATOR OF BRACKEN
COUNTY NURSING & REHABILITATION CENTER;
SHELLEY APPLEGATE, R.N. , IN HER CAPACITY
AS DIRECTOR OF NURSING OF BRACKEN COUNTY
NURSING & REHABILITATION CENTER,
UNIVERSITY OF KENTUCKY MEDICAL CENTER;
UNIVERSITY HOSPITAL OF THE
ALBERT B. CHANDLER MEDICAL CENTER, INC.;
STEPHANIE MURPHY, M.D.;  AND
GAYLE (LAST NAME UNKNOWN), R.N.

DEFENDANTS

**UNITED STATES OF AMERICA**

Serve:          Hon. Kerry B. Harvey
                U.S. Attorney, Eastern District of Kentucky
                260 West Vine Street, Suite 300
                Lexington, Kentucky 40507

Serve:          Hon. Eric H. Holder, Jr.
                Attorney General
                Department of Justice
                10th & Constitution Ave., NW
                Washington, DC  20530

**MEADOWVIEW REGIONAL MEDICAL CENTER, LLC**
**d/b/a MEADOWVIEW REGIONAL MEDICAL CENTER, LLC**

Serve:        CT Corporation
              306 West Main Street, Suite 512
              Frankfort, Kentucky  40601

**JAMES A. YOUNG, M.D.**

Serve:        Kenneth W. Smith
              Johann F. Herklotz
              Wellman, Nicholas & Smith, PLLC
              444 Lewis Hargett Circle, Suite 170
              Lexington, Kentucky  40503

**MARSHALL EMERGENCY SERVICES ASSOCIATES, P.S.C.**

Serve:        Kenneth W. Smith
              Johann F. Herklotz
              Wellman, Nicholas & Smith, PLLC
              444 Lewis Hargett Circle, Suite 170
              Lexington, Kentucky  40503

**RICHARD HARTMAN, M.D.**

Serve:        Richard Hartman, M.D.
              620 Buffalo Trace
              P.O. Box 813
              Maysville, Kentucky  41065

**MAYSVILLE RADIOLOGY ASSOCIATES, P.S.C.**

Serve:        Richard Hartman, M.D.
              620 Buffalo Trace
              P.O. Box 813
              Maysville, Kentucky  41065

**LP AUGUSTA, LLC d/b/a**
**BRACKEN COUNTY NURSING & REHABILITATION CENTER**

Serve:        Registered Agent Solutions, Inc.
              828 Lane Allen Road
              Suite 219
              Lexington, Kentucky  40504

**FRAN STAHL, IN HER CAPACITY AS ADMINISTRATOR OF
BRACKEN COUNTY NURSING & REHABILITATION CENTER**

Serve:      Fran Stahl
               5269 Asbury Road
               Augusta, Kentucky  41002

**SHELLEY APPLEGATE, IN HER CAPACITY AS DIRECTOR OF NURSING**

Serve:      Shelley Applegate
               5269 Asbury Road
               Augusta, Kentucky  41002

**UNIVERSITY OF KENTUCKY MEDICAL CENTER**

Serve:      Margaret Pisacano
               Risk Management Director
               University Medical Center
               800 Rose Street
               Lexington, Kentucky  40536

**UNIVERSITY HOSPITAL OF THE ALBERT B. CHANDLER MEDICAL CENTER, INC.**

Serve:      Murray Clark
               800 Rose Street, N-100
               Lexington, Kentucky  40536

**STEPHANIE MURRAY, M.D.**

Serve:      Murray Clark
               800 Rose Street, N-100
               Lexington, Kentucky  40536

**GAYLE (*last name unknown*) R.N.**

Serve:      Murray Clark
               800 Rose Street, N-100
               Lexington, Kentucky  40536

**\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\***

Comes the Plaintiff, Judith Toomey, Individually and Judith Toomey, as Administratrix of the Estate of Ronald Toomey, deceased, by counsel, and for her Amended Complaint herein, states as follows:

## JURISDICTION

1.  This Court has original jurisdiction pursuant to 28 USC Section 1346, the Federal Tort Claims Act.

2.  This Court has supplemental jurisdiction for all other claims pursuant to 28 USC Section 1367, in that the claims form part of the same case or controversy.

3.  That at all times relevant hereto, Plaintiff's Decedent, Ronald T. Toomey, was a resident of the Commonwealth of Kentucky, residing in Brooksville, Kentucky.

4.  The Defendant, the United States of America, may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and the Complaint on Kerry B. Harvey, United States Attorney  for the Eastern District of Kentucky, by certified mail, return receipt requested at his office, U.S. Attorney's Office for the Eastern District of Kentucky, 260 West Vine Street, Suite 300, Lexington, Kentucky 40507, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Complaint on Eric H. Holder, Jr., Attorney General's Office, Department of Justice, 10th & Constitutional Avenue, NW, Washington, DC  20503, to the attention of the Civil Process Clerk.

5.  The Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. § 1346(b) and 2671-2680 *et seq.*, commonly known as the "Federal Tort Claims Act" which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and all of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES OF AMERICA

7.   This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act."  Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the medical malpractice, personal injuries, and resulting damages of which complaint were made were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at the Veterans Administration Medical Center, Lexington, Kentucky, and at the Veterans Administration Leestown Rehabilitation Center, Lexington, Kentucky, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the Commonwealth of Kentucky.

8. In this Complaint, whenever the term "U.S. Defendants" is used, it means the United States, its officers, agents, servants, employees, and/or representatives.  Whenever in this Complaint it is alleged that U.S. Defendant did any act or thing, it is meant that the United States, its officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of the United States and was done in the normal and routine course and scope of employment of the United States' officers, agents, servants,

employees, and/or representatives.  Whenever in this Complaint it is alleged that U.S. Defendant omitted any act or thing, it is meant that Defendant, the United States, its officers, agents, servants, employees, and/or representatives omitted such act or thing.

## JURISDICTIONAL PREREQUISITES

9. Plaintiff brings this action pursuant to Title 28 U.S.C.§ 2672 and § 2675(a), and states that the claim set forth herein has been presented administratively to the Defendant's agency, the Department of Veterans Affairs.   The Department of Veterans Affairs denied Plaintiff's administrative claim.  A copy of the letter of denial is attached as Exhibit 1.

## THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES OF AMERICA

10. The Department of Veterans Affairs is an agency of the United States of America. Defendant, United States of America, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the health care facility known as Veterans Administration Medical Center, Lexington, Kentucky and the nursing and rehabilitation facility known as the Veterans Administration Leestown Rehabilitation Center, Lexington, Kentucky and through its agency, the Department of Veterans Affairs, staffed said facilities with its agents, servants, and/or employees.  Veterans Administration Medical Center, Lexington, Kentucky and the Veterans Administration Leestown Rehabilitation Center, are physically located within the borders of Kentucky.

## EMPLOYMENT AND COURSE AND SCOPE

11. At all times herein, all persons involved in the medical and health care services provided to Plaintiff at the Veterans Administration Medical Center, Lexington, Kentucky, and at the Veterans Administration Leestown Rehabilitation Center, Lexington, Kentucky, were agents, servants and employees of the Department of Veterans Affairs, the United States

of America or some other agency thereof and were at all items material hereto, acting within the course and scope of such employment.

12. This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff's decedent as the result of Defendant's substandard, and therefore, negligent medical care.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA CLAIMS AGAINST V.A. MEDICAL CENTER, LEXINGTON, KENTUCKY

13. On or about April 19, 2008, and thereafter, Ronald T. Toomey became a patient of the VA Medical Center for the purposes of medical services, examinations, treatments, diagnoses and medical care  as his condition required.

14. In rendering those medical services, examinations, treatments, diagnoses and medical care for Ronald Toomey, the U.S. Defendants, and their agents, servants and employees, failed to exercise the degree of care and skill that would be expected of an ordinarily prudent or reasonably competent physician or health care provider under like or similar circumstances.

15. That as a result of the failure of the U.S. Defendants, and through their agents, servants and employees, all as described above, in rendering medical services, examinations, treatments and diagnoses, Plaintiff's decedent, Ronald T. Toomey, suffered severe personal injury and death.

16. As a result of the injuries caused to Ronald T. Toomey by the negligence of the U.S. Defendants as set forth above, Ronald T. Toomey incurred medical expenses, reasonable and necessarily related to his condition, suffered severe physical pain and mental anguish, extreme emotional distress, loss of his ability to enjoy life; suffered permanent impairment of his power to earn money and funeral expenses, all in an amount in excess of the minimum jurisdictional requirement of this Court.

17.  As a result of the negligence of the U.S. Defendants, as described above, the Plaintiff, Judith Toomey, has been deprived of the society, companionship and services of her husband, Ronald T. Toomey, deceased, and has otherwise been deprived of his consortium, to her damage in an amount in excess of the minimum jurisdictional requirement of this Court.

## CLAIMS AGAINST V.A. LEESTOWN REHABILITATION CENTER LEXINGTON, KENTUCKY

18.  Upon information and belief, Ronald T. Toomey was admitted to V.A. Leestown Rehabilitation Center on April 25, 2008.

19. Upon information and belief, Ronald T. Toomey was looking to the U.S. Defendants for treatment of his total needs for custodial, rehabilitation, nursing and medical care and not merely as the situs where others are not associated with the facility would treat him.

20. The U.S. Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

21. Due to the wrongful conduct of the U.S. Defendants, Ronald T. Toomey suffered accelerated deterioration of his health and physical condition.  Ronald T. Toomey also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, permanent impairment of his power to earn money, hospitalizations and death, all of which were caused by the wrongful conduct of the U.S. Defendants as alleged below.

22. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a. The failure by the members of the governing body of V. A. Rehabilitation Leestown to discharge their legal and lawful obligation by:

    i. Ensuring compliance with the rules and regulations designed to protect the health and safety of Ronald T. Toomey, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

    ii. Ensuring compliance with the resident care policies for V. A. Rehabilitation Leestown;

    iii. Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b. The failure to develop, implement and follow policies to assist Ronald T. Toomey in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his healing or cure;

c. The failure to maintain all records on Ronald T. Toomey in accordance with accepted professional standards and practices;

d. The failure to provide the minimum number of qualified personnel to meet the total needs of Ronald T. Toomey

e. The failure to monitor or increase the number of nursing personnel at V. A. Rehabilitation Leestown to ensure that Ronald T. Toomey:

    i. Received timely and accurate care assessments;

    ii. Received prescribed treatment, medication and diet; and

    iii. Received timely custodial, rehabilitation, nursing and medical intervention due to a significant change in condition;

f.  The failure to provide a nursing and other staff that were properly staffed, qualified and trained.

g.  The failure to have in place adequate guidelines, policies and procedures of V. A. Rehabilitation Leestown and to administer those policies through enforcement of any rules, regulations, by – laws or guidelines;

h.  The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at V. A. Rehabilitation Leestown; and

i.  The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

23. A reasonably careful rehabilitation and nursing facility would not have failed to provide the care listed above.  It was foreseeable that these breaches of ordinary care would result in injuries to Ronald T. Toomey.  Each of the foregoing acts of negligence on the part of the U.S. Defendants was accomplished by such wanton or reckless disregard for the health and safety of Ronald T. Toomey as to constitute gross negligence.  U.S. Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ronald T. Toomey.

24. Pursuant to KRS 446.070, Plaintiff also alleges U.S. Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Ronald T. Toomey was injured by the statutory violations of U.S. Defendants and is within the class of persons for whose benefit the statues were enacted and who were

intended to be protected by these statutes. The negligence *per se* of U.S. Defendants included, but is not limited to violation(s) of the following:

    a.   Violation(s) of KRS 209.005 et seq. and the regulations promulgated there under, by abuse, neglect and/or exploitation of Ronald T. Toomey;

    b.   Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Ronald T. Toomey, who was unable to care for himself because of illness;

    c.   Violation(s) of the statutory standards and requirements governing licensing and operation of long term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated there under, as well as the applicable federal laws and regulations governing the certification of the long-term care facilities under Titles XVIII or XIX of the Social Security Act.

25. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Ronald T. Toomey suffered the injuries described above. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the U.S. Defendants including, but not limited to, medical expenses, pain and suffering, permanent impairment of his power to earn money, mental anguish and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirements of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

26. U.S. Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

27. U.S. Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of the U.S. Defendants included, but was not limited to, the following acts and omissions:

a. The overall failure to ensure that Ronald T. Toomey received the following:

    i. Timely and accurate care assessments;

    ii. Prescribed treatment, medication and diet;

    iii. Necessary supervision; and

    iv. Timely nursing and medical intervention due to a significant change in condition;

b. The failure to hire and retain sufficient professional nursing staff;

c. The failure to adequately assess, evaluate and supervise nursing personnel;

d. The failure to provide and implement an adequate nursing care plan based on the needs of Ronald T. Toomey;

e. The failure to access the risk and prevent, treat or heal the development of or worsening of pressure sores or lesions;

f. The failure to assess the risk and prevent, treat or heal the development of or worsening of malnutrition;

g. The failure to provide care, treatment and medication in accordance with physician's orders; and

h. The failure to adequately and appropriately monitor Ronald T. Toomey and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

i. Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations

governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

28. It was foreseeable that the breaches of care listed above would result in injuries to Ronald T. Toomey. A reasonably competent rehabilitation and nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

29. With regard to each of the foregoing acts of professional or medical negligence on the part of the U.S. Defendants were accomplished by such wanton or reckless disregard for the health and safety of Ronald T. Toomey as to constitute gross negligence.

30. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Ronald T. Toomey suffered the injuries described herein.  Plaintiff asserts a claims for judgment for all compensatory and punitive damages against the U.S. Defendants including, but not limited to, medical expenses, permanent impairment of Plaintiff's decedent's power to earn money, pain and suffering, mental anguish, disability, disfigurement, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

31. Upon information and belief, Ronald T. Toomey was looking to Defendant's facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. U.S. Defendants owed a non-delegable duty to Ronald T. Toomey, to use the degree and skill which is expected of a reasonably competent medical practitioner in the same or similar circumstances.

32. U.S. Defendants owed a non-delegable duty to assist Ronald T. Toomey in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his cure.

33. U.S. Defendants owed a duty to Ronald T. Toomey to maintain their facilities; including providing and maintaining medical equipment and hiring, supervising and retaining nurses and other staff employees.

34. U.S. Defendants owed a duty to Ronald T. Toomey to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by U.S. Defendants to insure smoothly run facilities and adequate resident care.

35. U.S. Defendants owed a duty to Ronald T. Toomey to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.  The duty of reasonable care and attention extended to safeguarding Ronald T. Toomey from danger due to his incapacity to care for himself.  U.S. Defendants had a duty to protect Ronald T. Toomey from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental or physical condition would suggest as likely to happen.

36. As a direct and proximate result of U.S. Defendants' failure to discharge these duties, Ronald T. Toomey suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability,

disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

37. The U.S. Defendants violated statutory duties owed to Ronald T. Toomey as a resident of a long-term care nursing facility, Kentucky Revised Statutes sections 216.510 *et seq.* These statutory duties were non-delegable.

38. Violations of the resident's rights of Ronald T. Toomey include, but are not limited to, the following:

    a.   Violation of his right to be free from mental and physical abuse;

    b.   Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care of his personal needs;

    c.   Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence or anything unusual involving the resident;

    d.   Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

    e.   Violation of the right to have the U.S. Defendants develop and implement a mechanism with would have allowed Mr. Toomey and the responsible party or his responsible family member or his guardian to participate in the planning of his care;

    f.   Violation of the right to be given assistance when needed in maintaining body hygiene and good grooming; and

    g.   Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, Pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

39. As a result of the aforementioned violations of the Resident's Rights Statutes by U.S. Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

40. With regard to the aforementioned violations of the Resident's Rights Act, U.S. Defendants acted with oppression, fraud, malice, or were grossly negligence by acting with wanton and reckless disregard for the rights of Ronald T. Toomey and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from U.S. Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

41. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, willful and wanton, outrageous or reckless, U.S. Defendants caused the death of Ronald T. Toomey.

42. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, willful and wanton, outrageous or reckless, U.S. Defendants caused Ronald T. Toomey to suffer personal injury including excruciating pain and suffering, mental anguish and emotional distress.  The pain, disfigurement and loss of dignity suffered by Ronald T. Toomey caused his family to suffer more than normal grief upon his death.

43. As a direct and proximate result of such the wrongful death suffered by Ronald T. Toomey, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the U.S. Defendants, including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, impairment of earning capacity, disability and loss of the enjoyment of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

44. As a result of the negligence of the Defendants, as described above, the Plaintiff, Judith Toomey, has been deprived of the society, companionship and services of her husband, Ronald T. Toomey, deceased, and has otherwise been deprived of his consortium, to her damage in an amount in excess of the minimum jurisdictional requirement of this Court.

**WHEREFORE,** Plaintiff, Judith Toomey, as Administratrix of the Estate of Ronald T. Toomey, deceased, demands judgment against the United States of America for the personal injury to and wrongful death of Ronald T. Toomey, for the medical and related expenses, necessary and related to the care of Plaintiff's decedent's condition, for physical pain and mental

anguish suffered by the Plaintiff's decedent, for impairment of the Plaintiff's decedent's power to earn money, for Plaintiff's decedent's extreme emotional distress, and for permanent and total impairment of the Plaintiff's decedent's power and ability to enjoy life, for funeral expenses and for Plaintiff's loss of consortium in the sum of $20,000,000.00, and for any and all other relief to which Plaintiff may be entitled, including her costs herein expended, a reasonable attorney's fee, pre-judgment and post-judgment interest on all sums awarded, and including **TRIAL BY JURY,** on all issues so tryable.

### CLAIMS AGAINST MEADOWVIEW REGIONAL MEDICAL CENTER, LLC d/b/a MEADOWVIEW REGIONAL MEDICAL CENTER, LLC; JAMES A. YOUNG; MARSHALL EMERGENCY SERVICES ASSOCIATES, P.S.C. RICHARD HARTMAN, M.D. AND MAYSVILLE RADIOLOGY ASSOCIATES, P.S.C.

45. The Defendant, Meadowview Regional Medical Center, LLC d/b/a Meadowview Regional Medical Center [hereinafter "Meadowview"] is a Delaware Corporation with its principal office located in 103 Powell Court, Suite 200, Brentwood, Tennessee 37027. The registered agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

46. The Defendant, James A. Young, M.D., is a physician, licensed to practice medicine in the Commonwealth and is an agent, servant or employee of Marshall Emergency Services Associates, P.S.C. and can be served % Marshall Emergency Services Associates, 3205 Summit Square Place, Suite 100, Lexington, Kentucky 40509.

47. The Defendant, Marshall Emergency Services Associates, P.S.C. is a Kentucky Corporation with its principal office located at 3205 Summit Square Place, Suite 100, Lexington, Kentucky 40509. The Registered Agent for service of process is Corporate Statutory Services, Inc. , 820 Maple Avenue, Newport, Kentucky 41071.

48. The Defendant, Richard Hartman, M.D. is a physician licensed to practice medicine in the Commonwealth of Kentucky and can be served at 620 Buffalo Trace, P.O. Box 813, Maysville, Kentucky  41065.

49. The Defendant, Maysville Radiology Associates, P.S.C. is a Kentucky Corporation with its principal office located at 991 Medical Park Drive, #309, Maysville, Kentucky  41056. The Registered Agent for service of process is Richard S. Hartman, 620 Buffalo Trace, P. O. Box 813, Maysville, Kentucky  41056.

50. On or about April 16, 2008, and thereafter, Ronald T. Toomey became a patient of the Meadowview Regional Medical Center, LLC d/b/a Meadowview Regional Medical Center, LLC; James A. Young, M.D.; Marshall Emergency Services Associates, P.S.C.; Richard Hartman, M.D. and Maysville Radiology Associates, P.S.C.  [hereinafter referred to as the "Meadowview Defendants"] for the purposes of medical services, examinations, treatments, diagnoses and medical care  as his condition required.

51. In rendering those medical services, examinations, treatments, diagnoses and medical care for Ronald Toomey, the Meadowview Defendants, and their agents, servants and employees, failed to exercise the degree of care and skill that would be expected of an ordinarily prudent or reasonably competent physicians or health care providers under like or similar circumstances.

52.  That as a result of the failure of the Meadowview Defendants, and through their agents, servants and employees, all as described above, in rendering medical services, examinations, treatments and diagnoses, Plaintiff's decedent, Ronald T. Toomey, suffered severe personal injury and death.

53.  As a result of the injuries caused to Ronald T. Toomey by the negligence of the Meadowview Defendants as set forth above, Ronald T. Toomey incurred medical expenses, reasonable and necessarily related to his condition, suffered severe physical pain and mental anguish, extreme emotional distress, loss of his ability to enjoy life; suffered permanent impairment of his power to earn money and funeral expenses, all in an amount in excess of the minimum jurisdictional requirement of this Court.

54.  As a result of the negligence of the Meadowview Defendants, as described above, the Plaintiff, Judith Toomey, has been deprived of the society, companionship and services of her husband, Ronald T. Toomey, deceased, and has otherwise been deprived of his consortium, to her damage in an amount in excess of the minimum jurisdictional requirement of this Court.

**CLAIMS AGAINST LP AUGUSTA, LLC d/b/a BRACKEN COUNTY NURSING & REHABILITATION CENTER; FRAN STAHL, IN HER CAPACITY AS ADMINISTRATOR AND SHELLEY APPLEGATE, R.N., IN HER CAPACITY AS DIRECTOR OF NURSING**

55.  The Defendant LP Augusta, LLC d/b/a Bracken County Nursing & Rehabilitation Center is a for-profit Delaware Corporation licensed to conduct business in the Commonwealth of Kentucky [hereinafter referred to as "the facility"].  The registered agent for service of process is Registered Agent Solutions, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky  40504.

56.  Upon information and belief, Fran Stahl was the Administrator of Bracken County Nursing & Rehabilitation Center during the residency of Ronald T. Toomey.  Fran Stahl can be served % Bracken County Nursing & Rehabilitation Center, 5269 Asbury Road, Augusta, Kentucky  41002.

57.  Upon information and belief, Defendant Shelley Applegate, was the Director of Nursing Services at Bracken County Nursing & Rehabilitation Center.  Shelley Applegate, can be served % Bracken County Nursing & Rehabilitation Center, 5269 Asbury Road, Augusta, Kentucky  41002.

58.  Upon information and belief, Ronald T. Toomey was admitted to Bracken County Nursing & Rehabilitation Center on or about July 3, 2008.

59. Upon information and belief, Ronald T. Toomey was looking to the facility for treatment of his total needs for custodial, rehabilitation, nursing and medical care and not merely as the situs where others are not associated with the facility would treat him.

60. The facility is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

61. Due to the wrongful conduct of the facility, Ronald T. Toomey suffered accelerated deterioration of his health and physical condition.  Ronald T. Toomey also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, permanent impairment of his power to earn money, hospitalizations and death, all of which were caused by the wrongful conduct of the facility as alleged below.

62. The Facility negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

   a.  The failure by the members of the governing body of Bracken County Nursing & Rehabilitation Center to discharge their legal and lawful obligation by:

      i.  Ensuring compliance with the rules and regulations designed to protect the health and safety of Ronald T. Toomey, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

      ii.  Ensuring compliance with the resident care policies for Bracken County Nursing & Rehabilitation Center;

      iii.  Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b.  The failure to develop, implement and follow policies to assist Ronald T. Toomey in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his healing or cure;

c.  The failure to maintain all records on Ronald T. Toomey in accordance with accepted professional standards and practices;

d.  The failure to provide the minimum number of qualified personnel to meet the total needs of Ronald T. Toomey

e.  The failure to monitor or increase the number of nursing personnel at the Bracken County Nursing & Rehabilitation Center to ensure that Ronald T. Toomey:

      i.  Received timely and accurate care assessments;

      ii.  Received prescribed treatment, medication and diet; and

      iii.  Received timely custodial, rehabilitation, nursing and medical intervention due to a significant change in condition;

f.  The failure to provide a nursing and other staff that were properly staffed, qualified and trained.

g.   The failure to have in place adequate guidelines, policies and procedures of Bracken County Nursing & Rehabilitation Center and to administer those policies through enforcement of any rules, regulations, by – laws or guidelines;

h.   The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at Bracken County Nursing & Rehabilitation Center; and

i.   The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

63. A reasonably careful rehabilitation and nursing facility would not have failed to provide the care listed above.  It was foreseeable that these breaches of ordinary care would result in injuries to Ronald T. Toomey  Each of the foregoing acts of negligence on the part of the facility was accomplished by such wanton or reckless disregard for the health and safety of Ronald T. Toomey as to constitute gross negligence.  The facility acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ronald T. Toomey

64. Pursuant to KRS 446.070, Plaintiff also alleges The facility violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Ronald T. Toomey was injured by the statutory violations of The facility and is within the class of persons for whose benefit the statues were enacted and who were intended to be protected by these statutes.  The negligence *per se* of The facility included, but is not limited to violation(s) of the following:

a.  Violation(s) of KRS 209.005 et seq. and the regulations promulgated there under, by abuse, neglect and/or exploitation of Ronald T. Toomey;

b.  Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Ronald T. Toomey, who was unable to care for himself because of illness;

c.  Violation(s) of the statutory standards and requirements governing licensing and operation of long term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated there under, as well as the applicable federal laws and regulations governing the certification of the long-term care facilities under Titles XVIII or XIX of the Social Security Act.

65. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Ronald T. Toomey suffered the injuries described above.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the facility including, but not limited to, medical expenses, pain and suffering, permanent impairment of his power to earn money, mental anguish and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirements of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

66. The facility had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

67. The facility failed to meet applicable standards of medical care.  The medical negligence or malpractice of the Facility included, but was not limited to, the following acts and omissions:

a.  The overall failure to ensure that Ronald T. Toomey received the following:

i.  Timely and accurate care assessments;

ii.  Prescribed treatment, medication and diet;

       iii.  Necessary supervision; and

       iv.  Timely nursing and medical intervention due to a significant change in condition;

b.  The failure to hire and retain sufficient professional nursing staff;

c.  The failure to adequately assess, evaluate and supervise nursing personnel;

d.  The failure to provide and implement an adequate nursing care plan based on the needs of Ronald T. Toomey;

e.  The failure to access the risk and prevent, treat or heal the development of or worsening of pressure sores or lesions;

f.  The failure to assess the risk and prevent, treat or heal the development of or worsening of malnutrition;

g.  The failure to provide care, treatment and medication in accordance with physician's orders; and

h.  The failure to adequately and appropriately monitor Ronald T. Toomey and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

i.  Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

68. It was foreseeable that the breaches of care listed above would result in injuries to Ronald T. Toomey. A reasonably competent rehabilitation and nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

69. With regard to each of the foregoing acts of professional or medical negligence on the part of the facility were accomplished by such wanton or reckless disregard for the health and safety of Ronald T. Toomey as to constitute gross negligence.

70. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Ronald T. Toomey suffered the injuries described herein.  Plaintiff asserts a claims for judgment for all compensatory and punitive damages against the facility including, but not limited to, medical expenses, permanent impairment of his power to earn money, pain and suffering, mental anguish, disability, disfigurement, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

71. Upon information and belief, Ronald T. Toomey was looking to the Facility' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. Facility owed a non-delegable duty to Ronald T. Toomey, to use the degree and skill which is expected of a reasonably competent medical practitioner in the same or similar circumstances.

72. The facility owed a non-delegable duty to assist Ronald T. Toomey in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his cure.

73. The facility owed a duty to Ronald T. Toomey to maintain their facilities; including providing and maintaining medical equipment and hiring, supervising and retaining nurses and other staff employees.

74. The facility owed a duty to Ronald T. Toomey to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by the Facility to insure smoothly run facilities and adequate resident care.

75. The facility owed a duty to Ronald T. Toomey to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.  The duty of reasonable care and attention extended to safeguarding Ronald T. Toomey from danger due to his incapacity to care for himself.  Facility had a duty to protect Ronald T. Toomey from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental or physical condition would suggest as likely to happen.

76. As a direct and proximate result of Facility' failure to discharge these duties, Ronald T. Toomey suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction

in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

77. The facility violated statutory duties owed to Ronald T. Toomey as a resident of a long-term care nursing facility, Kentucky Revised Statutes sections 216.510 *et seq.*  These statutory duties were non-delegable.

78. Violations of the residents' rights of Ronald T. Toomey include, but are not limited to, the following:

    a.   Violation of his right to be free from mental and physical abuse;

    b.   Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care of his personal needs;

    c.   Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence or anything unusual involving the resident;

    d.   Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

    e.   Violation of the right to have the Facility develop and implement a mechanism with would have allowed Mr. Toomey and the responsible party or his responsible family member or his guardian to participate in the planning of his care;

    f.   Violation of the right to be given assistance when needed in maintaining body hygiene and good grooming; and

    g.   Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and

Family Services, Pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

79. As a result of the aforementioned violations of the Resident's Rights Statutes by Facility, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

80. With regard to the aforementioned violations of the Resident's Rights Act, Facility acted with oppression, fraud, malice, or were grossly negligence by acting with wanton and reckless disregard for the rights of Ronald T. Toomey and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from the Facility in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

81. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, willful and wanton, outrageous or reckless, the facility caused the death of Ronald T. Toomey.

82. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, willful and wanton, outrageous or reckless, caused Ronald T. Toomey to suffer personal injury including excruciating pain and suffering, mental anguish and

emotional distress.  The pain, disfigurement and loss of dignity suffered by Ronald T. Toomey caused his family to suffer more than normal grief upon his death.

83. As a direct and proximate result of such the wrongful death suffered by Ronald T. Toomey, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Bracken Defendants, including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, impairment of earning capacity, disability and loss of the enjoyment of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

84. As administrators of Bracken County Nursing & Rehabilitation Center, Fran Stahl and Shelley Applegate were responsible for ensuring that the facility complies with state and federal regulations related to nursing facilities.  The administrative Defendants had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well-being of each resident.   The nursing facility, under the leadership of its administrators, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility.  As such, Administrative Defendants breached their duties of care to Ronald T. Toomey and caused injury to and death of Ronald T. Toomey.

85. As a result of the negligence of the Bracken Defendants, as described above, the Plaintiff, Judith Toomey, has been deprived of the society, companionship and services of her husband, Ronald T. Toomey, deceased, and has otherwise been deprived of his consortium, to her damage in an amount in excess of the minimum jurisdictional requirement of this

## CLAIMS AGAINST UNIVERSITY OF KENTUCKY MEDICAL CENTER; UNIVERSITY HOSPITAL OF THE ALBERT B. CHANDLER MEDICAL CENTER, INC.; STEPHANIE MURPHY, M.D. AND GAYLE (LAST NAME UNKNOWN) R.N.

86. The Defendant, University of Kentucky Medical Center, is a medical hospital and facility located in Lexington, Fayette County, Kentucky.  It accepts patients for the purpose of rendering medical care and treatment by and through its agents, servants, and/or employees.  Pursuant to KRS 164.939, et. seq., it provides a basic coverage compensation fund for payment of medical negligence claims against the hospital and its agents, servants and/or employees.  Service of process can be issued upon the hospital by serving the Summons and Complaint on the Attorney General or any Assistant Attorney General of the Commonwealth of Kentucky pursuant to CR 4.04 (6) and, further Margaret Pisacano, Esq., Risk Management Director for the University of Kentucky has agreed to accept service of process on behalf of the University of Kentucky Medical Center and on behalf of individual physicians and other employees presently employed by the Medical Center.

87. The Defendant, University Hospital of the Albert B. Chandler Medical Center, Inc., is a corporation organized and existing under the laws of the Commonwealth of Kentucky whose registered agent for service of process is Murray Clark, 800 Rose Street, N-100, Lexington, Kentucky  40536.

88. The Defendant Stephanie Murphy, M.D. is a physician licensed to practice medicine in the Commonwealth of Kentucky and is an employee of University of Kentucky Medical Center.   Summons should be served upon Murray Clark, 800 Rose Street, N-100, Lexington, Kentucky  40536.

89. The Defendant, Gayle (last name unknown) R.N., is an employee of the University of Kentucky Medical Center.   Summons should be served upon Murray Clark, 800 Rose Street, N-100, Lexington, Kentucky  40536

90. On or about July 2, 2009,  and thereafter, Ronald T. Toomey was a patient under the care of the Defendants, University of Kentucky Medical Center; University Hospital of the Albert B. Chandler Medical Center, Inc.; Stephanie Murphy, M.D. and Gayle (*last name unknown*)R.N. and through its agents, servants and employees for the purpose of rendering to him medical services, examinations, treatments and diagnoses as required by his condition.

91. In rendering those medical services, examinations, treatments, and diagnoses for Plaintiff's decedent, the U.K. Defendants, and through their agents, servants, and employees failed to exercise the degree of care and skills as would be expected of an ordinarily prudent or reasonably competent health care providers under like or similar circumstances.

92. That as a result of the failure of the U.K. Defendants, and through their agents, servants and employees, all as described above, in rendering medical services, examinations, treatments and diagnoses, Ronald T. Toomey, suffered severe personal injury and death.

93. As a result of the injuries caused to Ronald T. Toomey by the negligence of the U.K. Defendants as set forth above, Ronald T. Toomey incurred medical expenses, reasonable

and necessarily related to her condition, suffered severe physical pain and mental anguish, extreme emotional distress, loss of her ability to enjoy life; suffered permanent impairment of her power to earn money and funeral expenses, all in an amount in excess of the minimum jurisdictional requirement of this Court.

94. As a result of the negligence of the U.K. Defendants, as described above, the Plaintiff, Judith Toomey, has been deprived of the society, companionship and services of her husband, Ronald T. Toomey, deceased, and has otherwise been deprived of his consortium, to her damage in an amount in excess of the minimum jurisdictional requirement of this Court

   **WHEREFORE,** Plaintiff, Judith Toomey, as Administratrix of the Estate of Ronald T. Toomey demands judgment against all Defendants for the personal injury to and wrongful death of Ronald T. Toomey, for the medical and related expenses, necessary and related to the care of Plaintiff's decedent's condition, for physical pain and mental anguish suffered by the Plaintiff's decedent, for impairment of the Plaintiff's decedent's power to earn money, for Plaintiff's decedent's extreme emotional distress, and for permanent and total impairment of the Plaintiff's decedent's power and ability to enjoy life, for funeral expenses and for Plaintiff's loss of consortium, all in an amount in excess of the minimum jurisdictional requirement of this Court, and for any and all other relief to which Plaintiff may be entitled, including her costs herein expended, a reasonable attorney's fee, pre-judgment and post-judgment interest on all sums awarded, and including **TRIAL BY JURY.**

Respectfully submitted,


BY:   /s/ Stephen M. O'Brien, III
      Hon. Stephen M. O'Brien, III
      *sobrien@smolawky.com*
      Hon. Harold L. Kirtley, II
      *hkirtley@smolawky.com*
      Stephen M. O'Brien, III, PLLC
      271 West Short Street, Suite 510
      Lexington, Kentucky  40507
      Telephone:  (859) 523-4336
      Facsimile:   (859) 523-4713