UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-111

JUDITH TOOMEY, *Individually and as*
*Administratrix of Ronald T. Toomey's Estate*,                                    PLAINTIFF

v.                                    **OPINION AND ORDER**

UNITED STATES OF AMERICA;
MEADOWVIEW REGIONAL MEDICAL CENTER, LLC d/b/a
Meadowview Regional Medical Center, LLC;
LIFEPOINT HOSPITALS, INC.;
JAMES A. YOUNG, M.D.;
MARSHALL EMERGENCY SERVICES ASSOCIATES, P.S.C.;
RICHARD HARTMAN, M.D.;
MAYSVILLE RADIOLOGY ASSOCIATES, P.S.C.;
LP AUGUSTA, LLC, d/b/a Bracken County
Nursing & Rehabilitation Center;
FRAN STAHL, in her capacity as Administrator of Bracken
County Nursing & Rehabilitation Center;
SHELLEY APPLEGATE, R. N., in her capacity as Director of
Nursing of Bracken County Nursing and Rehabilitation Center;
UNIVERSITY OF KENTUCKY MEDICAL CENTER;
UNIVERSITY HOSPITAL OF THE ALBERT B. CHANDLER MEDICAL CENTER, INC.;
STEPHANIE MURPHY, M.D.; and
GAYLE *(last name unknown)*, R.N.,                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss filed by the United States (DE 32). Because the Plaintiff's claims against the United States were not timely filed as required by the Federal Tort Claims Act, the United States' motion will be granted.

**I.    The Fourteen Defendants and Claims.**

The Plaintiff is the widow of Ronald T. Toomey. She asserts claims individually and as the administratrix of Mr. Toomey's estate against fourteen defendants which, for simplification, can be grouped into five sets.

The first set of defendants is made up only of the United States. For her claim against the United

States, the Plaintiff asserts that Mr. Toomey became a patient of the Veterans Administration Medical Center beginning on or about April 19, 2008 (DE 1, Complaint ¶ 13) and of the Veterans Administration Leestown Rehabilitation Center beginning on or about April 25, 2008. (DE 1, Complaint ¶ 18.) The Plaintiff asserts that her husband died as a result of the negligent acts of the VA Medical Center and VA Leestown Rehabilitation Center. (DE 1, Complaint ¶¶ 15, 21.)

The second set of defendants the Court will label the "Meadowview Defendants." It consists of five defendants: Meadowview Regional Medical Center, LLC; Dr. James A. Young and his alleged employer, Marshall Emergency Services Associates, P.S.C.; Dr. Richard Hartman; and Maysville Radiology Associates, P.S.C. (DE 1, Complaint, ¶¶ 45-49.) The Plaintiff asserts that Mr. Toomey was a patient of the Meadowview Defendants beginning on or about April 16, 2008 and that, as a result of the negligence of these defendants, Mr. Toomey died. (DE 1, Complaint ¶¶ 50, 52.)

The third set of defendants the Court will label the "Bracken County Nursing Defendants." It consists of three defendants: Augusta, LLC d/b/a Bracken County Nursing & Rehabilitation Center, its alleged Administrator, Fran Stahl, and its alleged Director of Nursing, Shelley Applegate. (DE 1, Complaint ¶¶ 55-57.) The Plaintiff asserts that Mr. Toomey was admitted to the Bracken County Nursing & Rehabilitation Center on or about July 3, 2008 (DE 1, Complaint ¶ 58) and that, as a result of the negligence of these Defendants, Mr. Toomey died. [DE 1, Complaint ¶ 61.)

The fourth set of defendants the Court will label the "University Defendants." It consists of four defendants: University of Kentucky Medical Center; University Hospital of the Albert B. Chandler Medical Center, Inc.; Dr. Stephanie Murphy, an alleged employee of UK Medical Center; and a Registered Nurse named Gayle, also an alleged employee of the UK Medical Center whose last name is unknown to the Plaintiff. The Plaintiff asserts that, on or about July 2, 2009, Mr. Toomey was a patient of these defendants (DE 1, Complaint ¶ 90) and that, as a result of the negligence of these defendants, Mr.

Toomey died. (DE 1, Complaint ¶ 92.)

A fifth set of defendants consists only of Lifepoint Hospitals, Inc. While the Plaintiff names Lifepoint in the caption of her Complaint, she makes no allegations about Lifepoint in the Complaint. The Plaintiff and Lifepoint have submitted a proposed Agreed Order which would dismiss all claims against Lifepoint. (DE 13.)

## II. The United States' Motion to Dismiss.

The Plaintiff asserts her negligence claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. The United States moves to dismiss her claims against it arguing that the Court does not have subject matter jurisdiction over the claims because they were not timely filed.

Under the FTCA, civil actions against the United States must be "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The Plaintiff recognizes that she did not file this action within that six-month time frame. The Department of Veterans Affairs denied the Plaintiffs' claim by letter dated January 20, 2011. (DE 32-8.) The Plaintiffs did not file this action until April 11, 2012. The Plaintiff argues, however, that the time period should be tolled.

An initial issue is whether the limitations period set forth in § 2401(b) can be equitably tolled. As the Sixth Circuit has recently recognized, that issue has not been resolved in this circuit. *Bazzo v. United States*, No. 11-1914, 2012 WL 3326308, at *1 (6th Cir. Aug. 15, 2012). At times, the Sixth Circuit has held that the limitations set forth in the statute establish a jurisdictional prerequisite to filing a claim in this Court and, thus, cannot be tolled. *See Id.* (citing *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Humphrey v. U.S. Attorney Gen.'s Office,* 279 F. App'x 328, 332 (6th Cir.2008); *Sullivan ex rel. Lampkins v. Am. Cmty. Mut. Ins. Co*., 208 F.3d 215 (6th Cir. 2000) (table); and *Willis v. United States*, 972 F.2d 350 (6th Cir.1992) (table)). In at least one decision, however, the Sixth Circuit held that the

3

limitations period in § 2401(b) can be equitably tolled. *See Bazzo*, 2012 WL 3326308, at *1 (citing *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994)).

As was the case in *Bazzo*, this Court need not decide this issue because, even if the six-month limitations period set forth in the statute can be equitably tolled, it should not be in this case. As the Sixth Circuit stated in *Bazzo*, "[b]ecause § 2401(b) provides a limited waiver of the United States' sovereign immunity, courts apply equitable tolling sparingly, and not when there has only been a garden variety claim of excusable neglect." *Bazzo*, 2012 WL 3326308, at * 2 (citations and quotation omitted). In *Bazzo*, the court stated that the following factors should be considered in deciding whether to toll a statutory limitations period:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id*.

There can be no dispute that the Plaintiff had actual notice of the filing requirement. The January 20, 2011 denial letter from the Department of Veterans Affairs clearly stated that a FTCA claim had to be "initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (Section 2401(b), Title 28, United States Code)." (DE 32-8.)

The Plaintiff argues that the Court should nonetheless toll the limitations period because she has diligently attempted to file a claim against the United States based on the same facts as the current action. The Plaintiff points to the fact that, on July 30, 2010, in a prior action, she filed her first complaint against the United States. *See Toomey v. United States*, No. 5:10-cv-00260, DE 1 (E. D. Ky. filed July 30, 2010). In that first complaint, like the current one, the Plaintiff asserted that this Court had jurisdiction over the action pursuant to the FTCA. *Toomey v. United States*, No. 5:10-cv-00260, DE 1, ¶¶ 1, 5, 7 (E.D. Ky. filed July 30, 2010). In that action, like the current action, the Plaintiff further asserted that the

4

United States was liable for the death of her husband under the FTCA because Veterans Administration employees were negligent. *Toomey v. United States,* No. 5:10-cv-00260, DE 1, ¶¶ 7, 12, 13-44 (E.D. Ky. filed July 30, 2010). The problem with the Plaintiff's first action was that she failed to exhaust her administrative remedies prior to filing it as required under the FTCA. 28 U.S.C. § 2675(a).

Instead of exhausting her administrative remedies before filing suit, the Plaintiff filed the action against the United State and, a few days later, moved to stay the action so that she could file a claim with the Department of Veterans Affairs. *Toomey v. United States*, No. 5:10-cv-00260, DE 3 (E.D. Ky. filed August 2, 2010). She then filed a claim with the department and, after the department denied her claim, she moved to reopen the case in this Court. *Toomey v. United States, et al.*, No. 5:10-cv-00260, DE 38 (E.D. Ky. filed Feb. 2, 2011). The United States then filed a Motion to Dismiss the complaint on the basis that the Plaintiff had failed to exhaust her administrative remedies prior to filing the FTCA action as required by 28 U.S.C. § 2675(a). *Toomey v. United States*, No. 5:10-cv-00260, DE 57 (E.D. Ky. filed April 7, 2007).

The Plaintiff responded with a motion to amend her complaint to add some language stating that she had now exhausted her administrative remedies. *Toomey v. United States*, No. 5:10-cv-00260, DE 70 (E.D. Ky. filed May 13, 2011) This was the only change the Amended Complaint made. The government moved to dismiss the Amended Complaint, again asserting that the FTCA claim should be dismissed because the Plaintiff failed to exhaust her administrative remedies *prior to* filing that claim as required by § 2675(a). *Toomey v. United States*, No. 5:10-cv-00260, DE 104 (E.D. Ky. filed Aug. 8, 2011).

By Opinion and Order dated March 14, 2012, this Court dismissed the Plaintiff's first action against the United States because it was not instituted *before* she exhausted her administrative remedies as required by the plain language of § 2675(a) and by the Supreme Court's 1993 decision in *McNeil v. United States*, 508 U.S. 106, 113 (1993). *Toomey v. United States*, 2012 WL 876801, No. 5:10-cv-00260

(E.D. Ky. March 14, 2012).

On April 11, 2012, the Plaintiff filed this second action against the United States. The Plaintiff recognizes that it is not timely under § 2401(b) but argues that the limitations period should be tolled because she reasonably believed that she had proceeded correctly in the first action. Given the plain language of the statute and the Supreme Court's clear holding in *McNeil*, however, the Court cannot find that the Plaintiff reasonably believed that she could file an action against the United States under the FTCA without first exhausting her administrative remedies.

Section 2675(a) provides that an action cannot be "instituted" against the United States "unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing. . . ." 28 U.S.C. § 2675(a) (emphasis added). In 1993, in *McNeil*, the Supreme Court held that the word "institute" means "begin" or "commence." *McNeil*, 508 U.S. at 112. Thus, the Supreme Court held, "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process." *Id*. (emphasis added). This is because, "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id*.

The Court further held that the statute was absolutely clear on this point. "[G]iven the clarity of the statutory text, it is certainly not a 'trap for the unwary.' It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *Id*. at 113. The Court closed the opinion with an explicit holding: "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id*.

Given this language, the Court cannot find that, in her first action, the Plaintiff reasonably

thought she could file a complaint against the United States under the FTCA *before* she exhausted her administrative remedies and then simply amend the complaint *after* exhausting her remedies. It is clear that the statute instead requires a plaintiff to initiate an action against the United States *after* the federal agency denies the plaintiff's claim. Accordingly, the Court has no basis to order that the limitations period contained in § 2401(b) be tolled. Because the Plaintiff filed this second action against the United States long after the six-month limitations period had passed, this action must be dismissed.

The Plaintiff states in her complaint that the Court's jurisdiction over her state law claims is found in the supplemental jurisdiction provided in 28 U.S.C. § 1367(a). If all claims over which the court has original jurisdiction are dismissed before trial, the court may decline to continue to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). "It is generally recognized that where . . . federal issues are dismissed before trial, district courts should decline to exercise [supplemental] jurisdiction over state law claims." *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987).

The Court finds that no prejudice would result from dismissing the remaining state law claims. There has been no discovery in this action and no trial date set. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), this Court will exercise its discretion and will dismiss all of the remaining state law claims in this action. The claims will be dismissed without prejudice because, pursuant to 28 U.S.C. § 1367(d), the Plaintiff has at least 30 days in which to file her state law claims in state court.

**III.    Conclusion.**

For all these reasons, the Court hereby ORDERS as follows:

7

1) the United States' Motion to Dismiss (DE 32) is GRANTED and the Plaintiff's claims against the United States are hereby DISMISSED without prejudice for lack of subject matter jurisdiction;

2) all the Plaintiff's claims against the remaining Defendants are hereby dismissed without prejudice pursuant to 18 U.S.C. § 1367(c) and (d); and

3) all pending motions in this matter are hereby DENIED as moot.

Dated this 8th day of February, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge