UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-111

JUDITH TOOMEY, *Individually and as
Administratrix of Ronald T. Toomey's Estate*,                                    PLAINTIFF

v.                              **OPINION AND ORDER**

UNITED STATES OF AMERICA;
MEADOWVIEW REGIONAL MEDICAL CENTER, LLC d/b/a
Meadowview Regional Medical Center, LLC;
LIFEPOINT HOSPITALS, INC.;
JAMES A. YOUNG, M.D.;
MARSHALL EMERGENCY SERVICES ASSOCIATES, P.S.C.;
RICHARD HARTMAN, M.D.;
MAYSVILLE RADIOLOGY ASSOCIATES, P.S.C.;
LP AUGUSTA, LLC, d/b/a Bracken County
Nursing & Rehabilitation Center;
FRAN STAHL, in her capacity as Administrator of Bracken
County Nursing & Rehabilitation Center;
SHELLEY APPLEGATE, R. N., in her capacity as Director of
Nursing of Bracken County Nursing and Rehabilitation Center;
UNIVERSITY OF KENTUCKY MEDICAL CENTER;
UNIVERSITY HOSPITAL OF THE ALBERT B. CHANDLER
MEDICAL CENTER, INC.; STEPHANIE MURPHY, M.D.; and
GAYLE *(last name unknown)*, R.N.,                                                DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motions of several of the Defendants to alter the Court's February 8, 2013 Opinion and Order to omit one portion of a sentence (DE 50, 51, 52, 53, 54). In the opinion, the Court dismissed the Plaintiff's claim against the United States under the Federal Tort Claims Act, (FTCA), 28 U.S.C. § 2671 *et seq*. The Court then declined to exercise jurisdiction over the Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c) and dismissed those claims. The Court dismissed the state-law claims without prejudice, stating that, pursuant to 28 U.S.C. § 1367(d), the Plaintiff had at least 30 days in which to file her state-law claims in state court.

The Defendants move to alter the opinion to omit the reference to §1367(d). They argue that the Plaintiff's state-law claims were time-barred before the Plaintiff ever filed this federal action.

The Defendants are concerned that this Court's recognition of § 1367(d) in its opinion indicates that this Court has determined that the Plaintiff's state-law claims are not time barred. This Court has not made any determination regarding whether any of the Plaintiff's state law claims are time-barred. The Court will therefore amend its prior opinion to prevent any misunderstanding regarding that issue. The Plaintiff may, of course, file her state-court claims in state court and that court will then resolve any argument that the claims are time barred.

The Defendant Meadowview Regional Medical Center, LLC d/b/a Meadowview Regional Medical Center ("Meadowview") also moves the Court to amend the February 8, 2013 Opinion and Order to state that Defendant Lifepoint Hospitals, Inc. was dismissed as a Defendant in this action by Agreed Order dated May 16, 2012. The Court will amend the Opinion and Order to reflect Lifepoint's dismissal.

Accordingly, the Court hereby ORDERS as follows:

1) the Defendants' motions to alter are GRANTED (DE 50, 51, 52, 53, 54);

2) the Court's February 8, 2013 Opinion and Order (DE 48) is AMENDED as follows:

    a) On page 3, the following sentence is added to the end of the first full paragraph: "The Agreed Order was entered by the Court on May 16, 2012 (DE 21) dismissing all claims against Lifepoint."

    b) the last sentence of Section II on page 7 of the opinion is amended to delete any reference to 28 U.S.C. § 1367(d) and to state only: "The claims will be dismissed without prejudice."

    c) Paragraph 2 of the ordering clause on page 8 of the opinion is amended to omit any reference to 18 U.S.C. § 1367(d) and to state only, "all the Plaintiff's claims against the remaining Defendants are hereby dismissed without prejudice pursuant to 18 U.S.C. § 1367(c)."

Dated this 16th day of April, 2013.



Signed By:
Karen K. Caldwell
United States District Judge